GEORGE H. RICHARDS & another *vs.* LEVI B. MERRIAM.

The supreme court will not interfere under *St.* 1838, *c.* 163, § 18, to revise a compromise made by the assignee of an insolvent with his debtors, under the direction of the commissioner.

A bill in equity cannot be maintained by an insolvent debtor to reduce the allowance made to his assignee for his services, which does not allege that the debtor's estate paid at least fifty per cent. of his debts besides the charges of the insolvent proceedings; as otherwise the complainant is not interested in the amount of the allowance.

THIS was a bill in equity, under *St.* 1838, *c.* 163, § 18, to set aside a compromise made by the complainants' assignee in insolvency with certain of their debtors, and to reduce the allowance made to the assignee for his services as excessive. The facts in the case sufficiently appear in the opinion of the court, which was delivered by

MERRICK, J. This bill in equity was brought and has been prosecuted by the complainants, George H. and Henry Richards, as well for the use and benefit of their several creditors as for themselves. And they claim, that, upon the facts therein particularly charged and recited, they are entitled to maintain it under and by virtue of the provisions of the 18th section of the 163d chapter of the statutes of 1838. The respondent demurred to the bill, and therefore the questions of law now to be determined arise upon the allegations contained in it.

From those allegations it appears, that, theretofore, on a certain day named, the said complainants, George H. and Henry Richards, being indebted to various persons, and unable to pay all their just debts, presented their petition to a commissioner of insolvency for tne county of Suffolk, praying that, by warrant under his hand and seal, he would appoint some suitable person as messenger to take possession of all their estate, and that such other and further proceedings might be had upon and under their petition relative to them as insolvent debtors, as were required and provided for in the aforementioned statute; and that, upon proper and legal proceedings after-

wards, in fact, had thereon, the respondent, Merriam, was duly chosen and appointed assignee of their estate, and assumed and undertook to perform and discharge all the duties which thereby devolved upon him.

The bill then alleges the precise causes of complaint, and for which relief is prayed. First, that the respondent, while in the exercise of his office, power, and trust as such assignee, made and effected, under the direction and with the approba tion of the commissioner of insolvency, a compromise and settlement with Phillips and Mosely, of a certain claim and demand, which, in behalf of said estate, he had and held against them, and that that compromise and settlement were inexpedient, injudicious, and injurious to the complainants, to their several creditors, and to all parties interested in said estate ; and, secondly, that the respondent has been allowed by the commissioner in insolvency to retain for his own com- pensation out of the moneys which came into his hand as assignee, an unreasonably large sum, not warranted by law or legal usage, and much beyond what he ought to receive both for services rendered and responsibilities incurred. And the prayer of the complainants therein is, that the said compro- mise and settlement may be set aside, and that the said allowance to the assignee may be reformed, reduced, and corrected.

None of the creditors of the complainants have at any time united with them in the prosecution of the bill, or signified their assent to it; and the respondent objects that the relation of those parties to each other is such as not to entitle the latter to institute or maintain any such process as this in behalf of or for the benefit of the latter. Their rights and interest are, indeed, not identical or even similar, but are adverse and conflicting. The complainants do not attempt to answer or obviate the objection thus taken, but by consent of the respondent they amend their bill by cancelling and withdrawing from it all the allegations it contains, for, on account, or in behalf of their creditors, and thereupon proceed with it for their own relief.

The first and principal question raised by the demurrer on

the bill as thus amended is, whether this court will entertain, and take jurisdiction of it, for the purpose of amending or revising the compromise and settlement with Phillips and Mosely, made by the assignee, and approved of by the commissioner of insolvency. The 11th section of the statute gives to the assignee " power, under direction of the judge or commissioner of insolvency, to compound and settle, by agreement with the other party thereto, any controversy which may arise in the settlement of any demands against the estate of the debtor, or of debts due to his estate, as he shall think proper, and most for the interest of the creditors." The full and ample authority thus conferred on the assignee is subjected to no other limitation or restraint than the controlling direction of the magistrate before whom the proceedings in insolvency are conducted, and, within that limitation, is complete and perfect. Whatever is actually done by him under that authority is fully warranted by the law. It binds all parties. It cannot be controlled by others or revoked by himself, but is final and conclusive upon all. In the exercise of this, as well as of all the other powers conferred by the statute upon the assignee, as the agent, representative, and trustee of the creditors, in receiving, collecting, arranging, and distributing the assets belonging to the estate, he is made accountable in various ways for any want of vigilance, activity, or faithfulness. By the 18th section of the statute it is enacted, that this court shall have a general jurisdiction and superintendence as a court of chancery over all the proceedings of cases arising under it, and upon the petition, bill, or other proper process, presented thereto by aggrieved parties, may, in every case not otherwise specially provided for, hear and determine all matters of complaint, and make such orders and decrees as law and justice shall require. Under these provisions every unwarranted act may be restrained or rescinded, and every violation of duty controlled or repressed. This, undoubtedly, was the general purpose of the legislature in conferring this authority. It was to secure a uniform, regular, and legal course of proceeding, to control all illegal action, and to afford a prompt and effectual remedy for any

Richards & another *v.* Merriam.

injuries which could not seasonably be prevented. The court, therefore, will always intervene, of course, upon the proper application of parties liable to be injuriously and wrongly affected by the exercise of authority, or the doing of acts not warranted by law. But it will not interfere, or exercise any of its extraordinary powers to regulate or control the arrangement of affairs, the proper disposition of which rests upon considerations merely of expediency and probable advantage. These, so far as an assignee is concerned, being only matters of detail, if within the limit of authority conferred, will not be interrupted or disturbed, if approved of by the commissioner of insolvency. The compromise and settlement with Phillips and Mosely made by the assignee, which is complained of in the bill, is exactly of this character, and comes within this description. He was expressly empowered and allowed by the statute to do acts of that kind. He did it under the direction and with the approbation of the commissioner. The bill does not suggest that it was collusive, fraudulent, or in any respects in violation of law. On the contrary, its legality is conceded, and it is only complained of, as having been less beneficial and advantageous to other parties than a different course of proceeding might have been, or might still be, if this court would interfere to annul it. How this might be in the judgment of this court, if it should assume and pursue the investigation, need not now be considered, because it is a matter confided specially to the judgment and discretion of the assignee, under the direction of the commissioner in insolvency, and so the duty of its revision neither devolves nor is conferred on any other tribunal. For this first cause of complaint, therefore, the bill cannot be sustained.

To the other and further allegations of the complainants, that the respondent has claimed and been allowed by the commissioner in insolvency to retain out of the moneys which came into his hands as assignee, an unreasonably large sum, his objection, that upon the facts set forth in the bill, they have no right to make or insist upon it, seems to be a sufficient and decisive reply. No party ought to be allowed to avail himself of the authority conferred upon this court, to

exercise a general superintendence and jurisdiction over proceedings in insolvency, who has no interest in the supervision to be exercised, and the questions thereon to be determined. And there is nothing in the averments of the bill to show, or from which it may be inferred, that the complainants have or can have any interest in the matter of the compensation to be allowed to the assignee. The assignment of their estate to him was for the sole benefit of their creditors, and all its proceeds are pledged to the payment of the debts respectively due to them. And it is only upon the contingency that the assets thus in the hands of the assignee, may be sufficient to pay fifty per cent. of the claims proved against his estate, beside necessary charges incurred in its settlement, that the debtor can have any interest in their appropriation. *St.* 1838, *c.* 163, § 8; *St.* 1844, *c.* 304, § 9. This sufficiency is neither alleged nor suggested in the bill; and, therefore, as it does not appear that the complainants have any interest in the result, or can derive any advantage from the granting of their prayer, they cannot be allowed to prosecute or maintain it.

These objections being decisive against the maintenance of the bill, it is unnecessary to consider the fourth cause of demurrer urged by the respondent, that it is multifarious by the union in it of two distinct and separate subjects of complaint; the allowance to the assignee, and the compromise with Phillips and Mosely; concerning which it is urged that the proofs certainly, if not the parties interested also, are wholly dissimilar. *Bill dismissed.*

*E. Blake,* for the complainants.

*S. Bartlett,* for the respondent.